IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEONARD EAST, *on behalf of himself and all others similarly situated*<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF ACTION**

1. Plaintiff Leonard East ("Plaintiff") brings this action against Defendant JP Morgan Chase Bank, N.A. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. on behalf of himself and all others similarly situated.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

**TELEPHONE CONSUMER PROTECTION ACT**

4. Congress enacted the TCPA due to widespread concern over the invasion of

1

privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740, 745 (2012).

5. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a … cellular telephone service…" 47 U.S.C. § 227(b)(1)(A)(iii).

6. "Artificial or prerecorded messages…were believed to have heightened intrusiveness because they are unable to 'interact with the customer except in preprogrammed ways.' " *Missouri ex rel. Nixon v. American Blast Fax, Inc.*, 323 F.3d 649 (8th Cir. 2003) (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

7. The FCC has stated that a consumer provides "prior express consent" to be called under the TCPA by providing his or her telephone number in connection with a transaction creating a debt. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*; *Declaratory Ruling*, 23 FCC Rcd 559, 564, ¶¶ 9-10 (2008).

8. Even if a consumer provides her number to a creditor, however, the consumer has the right to revoke such consent. *See Brenner v. Am. Educ. Servs.*, No. 14-1340 (8th Cir. 2014) (reversing district court ruling in TCPA case, because if [plaintiff] effectively revoked his consent, summary judgment was not proper").

**PARTIES**

9. Plaintiff is a natural person who at all relevant times resided in the State of Missouri, County and City of Saint Louis.

10. Defendant is a national bank who at all relevant times was authorized to do

business in Missouri.

## FACTUAL ALLEGATIONS

11. Defendant placed multiple calls to Plaintiff's cellular telephone number, including, but not limited to, on the following dates and approximate times:

1) February 20, 2015 at 1:29 P.M.;
2) February 20, 2015 at 3:38 P.M.;
3) February 20, 2015 at 5:21 P.M.;
4) February 21, 2015 at 5:22 P.M.;
5) February 21, 2015 at 7:38 P.M.;
6) February 22, 2015 at 5:13 P.M.;
7) February 23, 2015 at 6:01 P.M.;
8) February 24, 2015 at 11:12 A.M.;
9) February 24, 2015 at 1:44 P.M.;
10) February 24, 2015 at 5:14 P.M.;
11) February 28, 2015 at 2:57 P.M.;
12) February 28, 2015 at 5:56 P.M.;
13) March 1, 2015 at 1:01 P.M.;
14) March 1, 2015 at 5:21 P.M.;
15) March 5, 2015 at 5:21 P.M.;
16) March 5, 2015 at 2:14 P.M.;
17) March 6, 2015 at 2:56 P.M.;
18) March 6, 2015 at 5:23 P.M.;
19) March 7, 2015 at 3:42 P.M.;
20) March 7, 2015 at 8:32 P.M.;
21) March 8, 2015 at 12:31 P.M.;
22) March 8, 2015 at 6:35 P.M.;
23) March 11, 2015 at 12:27 P.M.;
24) March 11, 2015 at 5:24 P.M.;
25) March 12, 2015 at 11:39 P.M.; and
26) March 12, 2015 at 3:52 P.M.

12. During many of the above-referenced calls, Defendant delivered an identical voicemail message to Plaintiff using an artificial or pre-recorded voice.

13. Specifically, on or about February 20, 2015; February 22, 2015; and March 1, 2015, Defendant delivered a voicemail message to Plaintiff using an artificial or pre-recorded voice.

14. Each voicemail message stated "This is an important message from Chase Card Services, please return this call today at 1-800-236-0657."

15. Upon information and belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system or initiated using an artificial or prerecorded voice.

16. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

17. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

18. Plaintiff did not provide Defendant with his cellular telephone number on any application creating the alleged debt about which Chase was contacting Plaintiff.

19. Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

20. Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

21. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

22. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

23. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

24. Upon information and belief, Defendant placed calls using an artificial or prerecorded voice message to the cellular telephones of a large number of individuals in spite of

4

the fact that any prior express consent provided had been previously revoked.

## CLASS ALLEGATIONS

25. Plaintiff repeats and re-alleges all factual allegations above.

26. Plaintiff brings this action on behalf of herself and others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals defined as:

> Every individual in the United States to whom Defendant, in the four years prior to the filing of this complaint, placed a telephone call to such individual's cellular telephone number using an automatic telephone dialing system and/or artificial or prerecorded message.

27. The proposed class specifically exclude the United States of America, the State of Missouri, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eighth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

28. The class is averred to be so numerous that joinder of members is impracticable.

29. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

30. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

31. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at

5

issue; (b) Defendant's violations of the TCPA; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

32. The claims of Plaintiff are typical of those of the class she seeks to represent.

33. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of each subclass would require proof of the same material and substantive facts.

34. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

35. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

36. Plaintiff is willing and prepared to serve this Court and the proposed class.

37. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

38. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

39. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not

6

parties to the action or could substantially impair or impede their ability to protect their interests.

40. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

41. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

42. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

43. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

44. Plaintiff repeats and re-alleges each and every factual allegation above.

45. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

46. Defendant's violation was willful or knowing, in that Defendant knows of the TCPA requirements and how to determine whether a call is a landline or cell phone, and yet it made the aforementioned phone calls anyway.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

c) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

d) Awarding Plaintiff, and all others similarly situated, statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff, and all others similarly situated, actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff, and all others similarly situated, treble damages, pursuant to 47 U.S.C. § 227(b)(3);

g) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action

  pursuant to Rule 23;

h) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

i) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

47. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 12, 2015

        Respectfully submitted,

        /s/ Anthony LaCroix
        Anthony LaCroix
        LaCroix Law Firm, LLC
        Bar No.60793
        406 W. 34th Street, Suite 810
        Kansas City MO 64111
        (816) 399-4380
        tony@lacroixlawkc.com
        Lead Counsel for Plaintiff

        *Co-counsel with Thompson Consumer Law Group*

        **Correspondence Address:**

        Thompson Consumer Law Group, PLLC
        5235 E. Southern Ave., D106-618
        Mesa, AZ 85206